McKinney, J.,
delivered the opinion of the Court.
The prisoner was indicted and convicted in the Circuit Court of Claiborne, upon a charge of stealing sundry “ bank notes,” of the nominal value, in the aggregate, of $1,180.00. He was sentenced to three years’ imprisonment in the penitentiary.
The judgment is alleged to be erroneous in several respects. First, because there is no proof of the value of the bank notes charged to have been stolen. The proof shows that the notes were “ on the banks of Tennessee, and principally on the Bank of Tennessee.” The indictment charges, that the bank notes were of the value expressed upon their faces, and, in the aggregate, of the value of $1,180.00. This objection, *88 in. a case like the present, comes too late after verdict finding the prisoner guilty, in manner and form, as charged in the indictment.'
The Bank of Tennessee is a State institution, chartered by a public law. The Courts will, therefore, not only judicially recognize its existence, but will also judicially take notice that its notes constitute, in part, our circulating medium, and that they are of value. It is well established, that the current coin of the country will be judicially recognized by the Courts, whether established by law or by immemorial usage. —4 Term R., 314. The Courts will also judicially notice the character of the circulating medium, and of the popular language in relation to it.—3 Monroe’s R., 149; 5 do., 547. Also, that bank notes circulate as money in the' community. But the current value, or rate of exchange; of bank notes, at any particular period, will not be judicially noticed.—5 Monroe’s R., 336. In this view, the alleged omission in the proof forms no ground for disturbing the verdict.
2. The next error assigned is, in the admission of illegal evidence. The witness, Dikes, was permitted to detail a conversation between himself and the prisoner, to the effect that the witness desired to borrow a sum of money, and he communicated the matter to the prisoner. The prisoner “ told him to notice where the person of whom he borrowed kept his money, which proposal witness disliked, and stopped the conversation.” This statement of the witness was objected to, but the Court overruled the objection and suffered it to go to the jury.
In this, we think the Court erred. The evidence *89 in this case is circumstantial. The evidence objected to had no relation to the charge against the prisoner. But it is easy to see that it may have had a most prejudicial influence upon the minds of the jury, and, in a case depending upon circumstances, have contributed, in no small degree, to produce a conviction. Upon this ground, without any expression of opinion as to the sufficiency of the evidence to support the verdict, the judgment must be reversed.